# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

UNITED STATES                                )
                                             )
            v.                               )
                                             )
KEYON TAYLOR,                                )          Criminal No. 14-10075-DJC
                                             )
            Defendant.                       )
                                             )
_____)

## MEMORANDUM AND ORDER

**CASPER, J.**                                                    **January 7, 2021**

## I.      Introduction

Petitioner Keyon Taylor ("Taylor") has filed a petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2255 raising for grounds to challenge his conviction.  D. 249. Since the Court concludes that each of these grounds is procedurally barred and, alternatively, fails on the merits, the Court DENIES the Petition.

## II.     Discussion

### A.      Standard of Review

Pursuant to 28 U.S.C. § 2255, an individual may move to vacate his sentence if such "sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack."  David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (citing Hill v. United States, 368 U.S. 424, 426-27 (1962)).  Under § 2255(f), a habeas corpus petition filed by a prisoner in federal custody is subject to a one-year statute of limitations period that runs from the latest of four possible dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. § 2255(f).  The burden is on the petitioner to make out a case for § 2255 relief.  David, 134 F.3d at 474.  A petitioner raising claims of error for the first time in a § 2255 petition must show both "cause" excusing his procedural default in not raising the issue before and "actual prejudice" resulting from the alleged error.  Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Frady, 456 U.S. 152, 167-68 (1982).

"[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense" prevented the petitioner from having raised the claim earlier.  Murray v. Carrier, 477 U.S. 478, 488 (1986).  A defendant may show the requisite "cause" by showing that his counsel's failure to make a timely objection was the result of deficient performance under Strickland v. Washington, 466 U.S. 668, 687-88 (1984). United States v. Owens, 483 F.3d 48, 63 (1st Cir. 2007); United States v. Bucci, 662 F.3d 18, 29 (1st Cir. 2011).

However, even if a petitioner shows cause for his procedural default, he still must show "actual prejudice" from the alleged error for his § 2255 claim to be cognizable.  To meet this standard, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage,

infecting his entire trial with error of constitutional dimensions." Frady, 456 U.S. at 170 (emphasis in original).

**B.**   **Even if the Petition is Not Untimely, the Grounds are Procedurally Barred**

The Petition, filed on August 30, 2019, is not untimely.  After his jury trial and conviction, this Court sentencing him on the six counts (including conspiracy to rob a postal officer in violation of 18 U.S.C. § 371 (Count I), assault of a federal employee in violation of 18 U.S.C. § 111(a)(1)(B) and (b) (Count II), robbery of a U.S. postal worker in violation of 18 U.S.C. § 2114(a) (Count III), kidnapping in violation of 18 U.S.C. § 1201(a)(5) (Count IV), attempted kidnapping in violation of 18 U.S.C. §1201(a)(5)(d) (Count V), and use of a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c) (Count VI)) on June 19, 2015.  D. 33; 181.  The Court sentenced Taylor to 355 months imprisonment, five years of supervised release and restitution to the victim of $625,000.  D. 181.  After the filing of Taylor's notice of appeal, D. 182, and before the appeal proceeded, the Court entered an amended judgment on July 15, 2015, reflecting that the restitution was imposed as joint and several liability between Taylor and his co-defendant, Maurice William Miner-Gittens.  D. 189-90.

On February 8, 2017, the First Circuit affirmed Taylor's conviction, but remanded to this Court for resentencing.  D. 216.  Taylor petitioned for certiorari to the U.S. Supreme Court, D. 222, but that certiorari petition was denied on June 12, 2017.  D. 223.  On remand for resentencing, on July 12, 2017, this Court imposed the same sentence of 355 months.  D. 228-29.  Taylor appealed this (second) amended judgment and the First Circuit summarily affirmed the sentence on August 23, 2018.  D. 240.  Taylor filed the Petition, on August 30, 2019.  D. 249.

The government argues that since the Petition concerns challenges to Taylor's conviction, but not his resentencing, the one-year statute of limitation ran one year after his amended judgment

became final, which was on June 12, 2017 when the Supreme Court denied certiorari.  D. 255 at 4 n.4.[1]  The government relies upon Pratt v. United States, 129 F.3d 54, 63 (1st Cir. 1997) for this argument that the one-year statute limitations run from the final judgment before the resentencing even as it acknowledges that Pratt concerned successive habeas petitions and not the one-year bar under AEDPA.  D. 255 at 5.  At any rate, the government did not address that Pratt predated the Supreme Court's decision in Burton v. Stewart, 549 U.S. 147, 156-57 (2007) in which the Court held that for AEDPA's purposes that "final judgment in a criminal case means sentence," id. (quoting Berman v. United States, 302 U.S. 211, 212 (1937)), such that the AEDPA one-year bar does not run until both a petitioner's "conviction *and* sentence is final."  Id. (emphasis in original). That is, for the purposes of timeliness, the AEDPA is measured from the final judgment as to both Taylor's conviction and sentence, which is measured from the finality of the judgment after his resentencing, which would be 90 days after the August 23, 2018 second amended judgment. Accordingly, the Petition, filed on August 30, 2019, is not untimely.

Even it was not untimely, Taylor has not shown cause for not raising the grounds he asserts now before the Petition, particularly where they all concern his indictment or original sentencing. Taylor raises four grounds in the Petition:  1) that his counsel was ineffective for failing to dismiss Count II (charging assault on a federal employee in violation of 18 U.S.C. § 111(a)(1)(B) and (b) for lack of scienter element), D. 249 at 4; 2) that his counsel was ineffective for allowing Taylor be sentenced under both 18 U.S.C. §§ 1201(a)(5) and 1201(d) (Counts IV and V for kidnapping and attempted kidnapping) "in violation of double jeopardy," D. 249 at 5; 3) the indictment, jury verdict form and judgment were all void for reflecting non-existent offense, D. 249 at 7; and 4) his

---

[1] The government's analysis calculating the date it became final as May 8, 2017, the expiration of the deadline to petition for certiorari, seems to have missed that Taylor did seek certiorari and his petition was denied.  D. 222-23.

conviction on Count III for robbery of a U.S. postal worker in violation of 18 U.S.C. § 2114(a) was for a non-existent offense as well.  D. 249 at 8; D. 255 at 3.  Three of these claims (the first, third and fourth) have not been raised prior to the Petition.  Accordingly, these claims are deemed waived, Bucci, 662 F.3d at 29, unless Taylor can show cause for his procedural default and actual prejudice, Bousley, 523 U.S. at 622, or actual (factual) innocence.  Id.  As to the third and fourth claim Taylor has not sufficiently explained what the cause of his procedural default was for not raising this issue in his direct appeal(s).  To the extent that he has relied upon ineffective assistance of counsel as the cause for failing to bring the first claim (and to the extent that he invokes same as other or all of his claims asserted in the Petition), even if the Court accepts *arguendo* that as the cause, Taylor has failed to show actual prejudice as to any of these claims where, as discussed below, none of them are meritorious.  As to the second claim, that he received ineffective assistance of counsel because his counsel failed to object to Taylor being sentenced under both 18 U.S.C. §§ 1201(a)(5) and 1201(d), the crux of this claim was raised during Taylor's second direct appeal and was rejected by the First Circuit in summary disposition, in which the court noted that this issue (along with others Taylor had raised *pro se* after appellate counsel filed an Anders brief) failed upon that court's "independent review of the record" but that "consideration of those claims by [this Court during resentencing] was or would have been barred by the law of the case doctrine and perhaps also by default and other principles."  D. 240 at 1-2; United States v. Taylor, 17-1720 (1ˢᵗ Cir.), docket entry Jul. 13, 2018 (Taylor's *pro se* brief) at 4-5; see Singleton v. United States, 26 F.3d 233, 240 (1ˢᵗ Cir. 1994).  That is, even if Taylor now presents this issue as a matter of ineffective assistance of counsel, it still fails because under Strickland because he cannot show that the failure to raise this issue was deficient performance by his counsel or prejudiced him where the First Circuit has held that the contention has no legal merit.  Strickland, 466 U.S. at 694.

**C.**   **Even Assuming No Procedural Bar, Taylor's Grounds Fail on the Merits**

Even assuming that none of his claims are procedurally barred, each of Taylor's four claims in the Petition fail on the merits.  As to the first claim, that he received ineffective assistance of counsel for failure to move to dismiss Count II, charging assault on a federal employee in violation of 18 U.S.C. § 111(a)(1)(B) and (b), fails.  Despite Taylor quoting 18 U.S.C. § 111, there is no "knowingly" in the statute.  Compare 18 U.S.C. § 111 ("[w]however forcibly assaults, resists, opposes, impedes, intimidates, or interferes with…") with D. 250 at 4 (quoting this language, but inserting "knowingly").   Section 111 is silent as to the mens rea, United States v. Masaoud, No. 17-cr-173-JD, 2018 WL 1401795, at *1 (D.N.H. Mar. 19, 2018), and the Court does not conclude that the indictment was deficient for hewing to the statutory language.  To the extent that Taylor also challenges the Court's instruction to the jury that the government did not have to prove that he intended to assault a federal employee, D. 201 at 99, that instruction is consistent with the state of the law.  Id. (citing United States v. Feola, 420 U.S. 671, 684 (1975)), although there was ample evidence before the jury that Taylor knew that the victim was a federal employee as the victim was on his route in his U.S. postal truck delivering mail when Taylor assaulted him.  See D. 201 at 42.  Given this backdrop, any "failure" to challenge the charge (or the later jury instruction) was neither deficient performance by counsel nor prejudicial to Taylor.

As discussed above, the second claim in the Petition fails for the reasons noted above and as summarily dismissed by the First Circuit in Taylor's second, direct appeal.  To extent that Taylor raises it now as a matter of ineffective assistance of counsel, it also fails. Counts IV (kidnapping) and V (attempted kidnapping) were not multiplicitous (charging the same offense in more than one count), as Taylor contends.  D. 250 at 6-9.  Each was a separate crime, which required a showing of separate elements, see 18 U.S.C. §§ 1201(a)(5) and 1201(d), the other did not.  That

is, the kidnapping charge required, among other elements, that Taylor seized or confined the victim; whereas as the attempted kidnapping charged required a showing only that Taylor intended to commit the crime of kidnapping a federal employee and took a substantial step toward doing so. D. 201 at 101-02. Accordingly, the test under Blockburger v. United States, 284 U.S. 299, 304 (1937) is satisfied here. See United States v. Spring, 810 F. Supp. 331, 339 (D. Me. 2011). Moreover, the facts presented at trial proved substantial evidence that on December 30, 2013, Taylor committed both crimes. Moreover, the sentences that Taylor received for each count, Counts IV and V, were not consecutive as he suggests, but were imposed concurrently to each other and concurrently as to Counts I to III. (The only sentence that was imposed consecutively was on Count IV, the § 924(c) charge, which is statutorily required to be imposed consecutively, 18 U.S.C. § 924(c)(1)(A)(iii)).

As to Taylor's third claim, he appears to be challenging whether 18 U.S.C. § 924(c), use of a firearm in connection with a crime of violence, is a separate, criminal offense and, therefore, the indictment, jury verdict and judgment reflecting same are all void. D. 250 at 10-12. This argument lacks merits as 18 U.S.C. § 924(c), enacted by Congress, is a separate crime, separate and apart from the other five charges against Taylor, was appropriately charged as such and Taylor has been convicted of same by a jury properly instructed of the elements of same.

As to Taylor's fourth claim, he challenges his conviction under 18 U.S.C. § 2114(a). To the extent that Taylor contends that this Court does not have jurisdiction over such crime because it occurred in the Commonwealth, D. 250 at 13-14, such argument is fundamentally flawed. That the Commonwealth of Massachusetts could have jurisdiction over a state kidnapping charge does not strip this federal court of jurisdiction over a federal charge. See Tafflin v. Levitt, 493 U.S. 455, 455 (1990) (discussing dual sovereignty). To the extent that Taylor challenges whether an

"attempted robbery" charge can arise under § 2114(a), D. 250 at 14-16; D. 258 at 14, the statute allows for same.  18 U.S.C. § 2114(a) (providing, in relevant part, that it is a crime to "attempt[ ] to rob any such person of mail matter, or of any money, or other property of the United States").

## III.    Conclusion and Certificate of Appealability

For the reasons stated above, the Court DENIES the Petition.  D. 249.

A petitioner may receive a certificate of appealability only if he has "made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Such a showing is made when "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Based upon its analysis of the record and the applicable law, this Court does not, at this time, conclude that "reasonable jurists" could debate this Court's conclusion.  Id.  Although the Court is not inclined to issue a certificate of appealability at this time, the Court will give Taylor until February 8, 2021, to file a motion for certificate of appealability addressing whether he seeks a certificate of appealability as to any of the grounds in the Petition and making the showing that such is warranted here.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge

8